UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JACOB BERGMAN,<br>     *Plaintiff,*<br>       *v.*<br>TOWN OF HAMDEN, OFFICER STEPHEN BARIS,<br>OFFICER NICHOLAS D'ANGELO, and CHIEF<br>THOMAS WYDRA<br>     *Defendants.* | Civil No. 3:14cv853 (JBA)<br><br>May 2, 2016 |

**RULING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Jacob Bergman brought this action against Defendants the Town of Hamden ("the Town"), Officers Nicholas D'Angelo and Stephen Baris, and Police Chief Thomas Wydra, alleging that the officers utilized excessive force against him in violation of his federal (Count I) and state (Count II) constitutional rights; intentionally (Count III), recklessly (Count IV), and/or negligently (Count V) caused him emotional distress; and engaged in battery against him (Count VI). (*See* Am. Compl. [Doc. # 20].) Plaintiff additionally alleged that the Town and Chief Wydra are liable for the violations of his federal constitutional rights. (*See id.*) Defendants Town of Hamden and Chief Thomas Wydra now move for summary judgment on Plaintiff's claims against them, and Defendants Baris and D'Angelo move for summary judgment on Plaintiff's reckless infliction of emotional distress claim. (Mot. Summ. J. [Doc. # 43].) Plaintiff has failed to file an opposition. For the following reasons, Defendants' motion is granted.

I.      **Background**[1]

Plaintiff alleges in his complaint that on June 1, 2012 at 12:16 p.m., he went to a rental property he owned at 91 School Street in Hamden, Connecticut in order to repair the roof. (Am. Compl. ¶ 8.) Shortly thereafter, the Defendant officers arrived, "interfered with his tenants" in some unspecified manner, "threatened him physically," and "demanded" that he "leave the roof of the property." (*Id.* ¶ 9.) Thereafter, a dispute broke out between Plaintiff and the officers, during the course of which the officers forced Mr. Bergman to the ground, handcuffed him, and arrested him. (*Id.* ¶¶ 10, 13, 15.) Plaintiff asserts that the officers "suddenly and without warning began punching and striking" him, and kicked him "multiple times in the parking lot of the adjoining property, 2408 Whitney Avenue." (*Id.* ¶ 13.)

Plaintiff summarily states, without elaboration, that "the Defendant Town of Hamden acting through its police chief Thomas Wydra kn[e]w or reasonably should have known of the propensity of officers Baris[] and D'Angelo for violence and to violate the civil rights of others." (*Id.* ¶ 17.) He adds that "the Defendant Town had a duty to protect the Plaintiff from the actions of its employees, in particular the actions of the Defendant police officers, and to properly train, supervise, manage and evaluate its police officers." (*Id.* ¶ 18.) Finally, Plaintiff asserts that "[t]he Defendant's Chief despite being aware of the Defendant officers propensities failed to adequately train, discipline or limit contact of the officers to the public." (*Id.* ¶ 22.)

---

[1] The summary judgment record consists solely of Plaintiff's complaint, a transcript of part of the deposition of Chief Wydra, and an affidavit by Chief Wydra.

II.    **Discussion**[2]

A.  **Claims against the Town and Chief Wydra**

"In order to prevail on a claim against a municipality under section 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." *Roe v. City of Waterbury*, 542 F.3d 31, 36 (2d Cir. 2008) (citing *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690–91 (1978)).

The Supreme Court has interpreted § 1983's causation requirement as being inconsistent with the imposition of vicarious or *respondeat superior* liability on a municipality for the torts of its employees, *Reynolds v. Giuliani*, 506 F.3d 183, 190 (2d Cir. 2007) (citing *Monell,* 436 U.S. at 691–94), and thus "[t]he fifth element—the 'official policy' element—can only be satisfied where a plaintiff proves that a 'municipal policy of some

---

[2] Summary judgment is appropriate where, "resolv[ing] all ambiguities and draw[ing] all permissible factual inferences in favor of the party against whom summary judgment is sought," *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008), "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a). "A dispute regarding a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (quotation marks omitted). "The substantive law governing the case will identify those facts that are material, and '[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 59 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). When considering a motion for summary judgment, the Court may consider depositions, documents, affidavits, interrogatory answers, and other exhibits in the record. Fed. R. Civ. P. 56(c).

nature caused a constitutional tort,'" *Roe*, 542 F.3d at 36 (quoting *Monell*, 436 U.S. at 691). "'In other words, a municipality may not be found liable simply because one of its employees committed a tort'" and "a plaintiff must demonstrate that, through its deliberate conduct, the municipality was the 'moving force' behind the alleged injury." *Id.* at 36–37 (quoting *Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 405 (1997)).

Plaintiff here appears to raise two claims with respect to the Town and Chief Wydra: (1) a failure to adequately train their police officers and (2) a failure to discipline or supervise officers.

"In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011). The Supreme Court has explained that a "municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train" because municipal liability depends upon a showing of policymakers' "deliberate indifference" to citizens' rights rather than negligence. *Id.* Therefore, a "pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train," because "when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program." *Id.* at 1360. In addition, at the summary judgment stage, plaintiffs must "identify a specific deficiency in the city's training program and establish that that deficiency is closely related to the

ultimate injury, such that it actually caused the constitutional deprivation." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 129 (2d Cir. 2004).

Plaintiff has identified no such specific deficiency here, nor identified any facts that would permit a reasonable factfinder to conclude that the officers were improperly trained or that there as a pattern of unconstitutional use of excessive force by untrained officers. Nor has Plaintiff identified any specific instances of failures to adequately discipline or supervise officers, let alone a custom or policy of such conduct. Defendants, for their part, have offered the uncontradicted affidavit of Chief Wydra, in which he attests that "[a]t no time" has he "ever believed or had any reasonable basis to believe that either Officer D'Angelo or Officer Baris had a propensity to act violently or to violate the civil rights of others;" and that "[a]ll officers of the Hamden Police Department are trained with regard to appropriate use of force, and at no time during [his] tenure as Chief of Police has it been the policy or custom of the Hamden Police Department to permit or condone an excessive use of force toward anyone." (Wydra Aff., Ex. B to Def.'s Loc. R. 56(a)1 Stmt. ¶¶ 2–3.) Reflective of the paucity of facts in this record, the Court concludes that no reasonable factfinder could find that Plaintiff has proved that the Town had a policy or custom of failing to train or supervise police officers, and as such summary judgment is granted in the Town of Hamden and Chief Wydra's favor.

### B. Reckless Infliction of Emotional Distress

Plaintiff alleges in Count IV that the officers are liable for reckless infliction of emotional distress. The officers seek judgment on this count, on the grounds that reckless infliction of emotional distress is not recognized as a tort in the state of Connecticut. Defendants appear to be correct, at least with respect to non-bystander claims of reckless

infliction of emotional distress, such as Plaintiff's claim. *See Peluso v. Vanech*, No. FSTCV116010748, 2015 WL 5136497, at *5 (Conn. Super. Ct. July 30, 2015) ("The court . . . holds that a tort of reckless infliction of emotional distress has not been recognized in Connecticut and need not be because the tort of intentional infliction of emotional distress adequately encompasses the wrongful conduct and provides an appropriate remedy."); *Svenningsen v. Corbin*, No. NNHCV106010912S, 2011 WL 3482945, at *8 (Conn. Super. Ct. July 11, 2011) ("Connecticut does not recognize a cause of action for reckless infliction of emotional distress in a non-bystander context."); *Kaya v. City of New London*, No. KNLCV054004203, 2010 WL 5573762, at *10 (Conn. Super. Ct. Dec. 20, 2010) ("The court concludes that reckless infliction of emotional distress is not recognized as a tort in the state of Connecticut."); *Montanaro v. Baron*, No. CV065006991, 2008 WL 1798528, at *5 (Conn. Super. Ct. Mar. 28, 2008) ("Connecticut . . . does not recognize a distinct cause of action for reckless infliction of emotional distress . . . ."). For that reason, judgment is entered in officers D'Angelo and Baris's favor on Count IV.

III.   **Conclusion**

For the foregoing reasons, Defendants' Motion [Doc. # 43] for Summary Judgment is GRANTED. Defendants the Town of Hamden and Chief Thomas Wydra are dismissed from this case. Additionally, Plaintiff's reckless infliction of emotional distress claim is dismissed. Plaintiff's claims against Officers Baris and D'Angelo for violation of the federal and state constitutions, battery, and intentional and/or negligent infliction of emotional distress remain for adjudication. Oral argument currently scheduled for July 22, 2016 is canceled.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2nd day of May 2016.